UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARLON SPAULDING,

                      Plaintiff,

      -against-

BRIAN FIGEROUX and
FIGEROUX & ASSOCIATES,

                      Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
16 CV 1040 (LDH)(LB)

DeARCY HALL, United States District Judge:

On September 21, 2012, plaintiff, a federal prisoner incarcerated at the Carl Robinson Correctional Institution in Connecticut, filed this *pro se* action against defendants in the United States District Court for the District of Connecticut. By Order dated September 30, 2014, the Honorable Vanessa L. Bryant granted the Federal Defendants' motion to dismiss and denied plaintiff's motion to amend the complaint. By Order dated March 30, 2015, Judge Bryant transferred the action to this Court based on plaintiff's invocation of diversity jurisdiction against the remaining defendants Brian Figeroux and Figeroux and Associates.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is dismissed with leave to replead as set forth below.

## Background

This is the third time plaintiff has filed suit in federal court concerning defendants' alleged failure to provide adequate legal representation in connection with plaintiff's naturalization application and requesting that his naturalization application be granted.

---

[1] For reasons unknown, the case was transferred to this Court on March 2, 2016, and not on the date of the District of Connecticut's Order. *See* ECF Docket Entries #53-54.

1

In October 2009, plaintiff filed a complaint against the same defendants in the United States District Court for the Southern District of New York. *Spaulding v. Neufeld*, No. 09 Civ. 5694 (S.D.N.Y.). That case was transferred to the United States District Court for the District of Connecticut. *Spaulding v. Neufeld*, No. 3:09 CV 1624 (MRK) (D.Conn.). By Ruling and Order dated May 18, 2010, the Honorable Mark R. Kravitz granted the Government's motion to dismiss the complaint for lack of subject matter jurisdiction as plaintiff failed to exhaust his administrative remedies. Judge Kravitz noted:

> There are only two ways that an individual, such as Mr. Spaulding, can seek judicial review of a derivative citizenship claim. First, under 8 U.S.C. § 1252(b)(5), if the individual is in removal (formally known as "deportation") proceedings or is subject to a final order of removal, he may petition the appropriate federal court of appeals for adjudication of his claim to U.S. nationality. Administrative exhaustion is not required to seek judicial review via this path. If the court of appeals determines there are no disputed issues of material fact, it decides the nationality claim. *See* 8 U.S.C. § 1252(b)(5)(A).
>
> The second way an individual can seek judicial review of a claim to U.S. citizenship is through 8 U.S.C. §1503(a), which applies only if the claim did not 'arise by reason of, or in connection with any removal proceeding' and is not 'in issue in any such removal proceeding." 8 U.S.C. §1503(a). This avenue of judicial review is only available if the individual already applied to CIS for a Certificate of Citizenship and had that claim denied both in the first instance and on appeal to the Administrative Appeals Office. *See* 8 U.S.C. §1503(a) ("An action under this subsection may be instituted only within five years after the final administrative denial of the [the application]....'); *see also* 8 C.F.R. § 322.5(b) (explaining appeal procedures).

*Spaulding v. Mayorkas*, 725 F.Supp.2d 303, 307-308 (D. Conn. 2010) (internal citations omitted) (the caption was changed to reflect the current Director of the Citizenship and Immigration Services). Judge Kravitz found that plaintiff was not then subject to removal proceedings so as to avail himself of the first procedure under 8 U.S.C. § 1252(b)(5) and that he could not avail

2

himself of the second procedure under 8 U.S.C. § 1503(a) since plaintiff had failed to exhaust his administrative remedies. *Id.* at 308-09. Judge Kravitz also set out the procedure on how to appeal and directed plaintiff to file a new action in the District of Connecticut should Citizenship and Immigration Services deny plaintiff's motion to reopen or grant the motion to reopen but deny his appeal on the merits. *Id.* at 311. In a separate Ruling and Order, Judge Kravitz dismissed the complaint against Brian Figeroux without prejudice to filing a claim in state court. *Spaulding v. Figeroux*, No. 3:09 CV 1624 (MRK), slip op. (D. Conn. July 26, 2010).

In *Spaulding v. Neufeld*, No. 12-CV-933 (WFK)(LB), this Court dismissed plaintiff's complaint against government officials and the same defendants named herein.[2] In that case, plaintiff alleged that at age 17, he obtained derivative citizenship when his mother was naturalized and that his "mother hired Attorney, Brian Figeroux, Esq from Figeroux and Associates to file 2 form N-600 [certificate of citizenship] for my brother and I. But only my brother was approved on Dec 15 2005 and I was denied July 16, 2006." Compl. No. 12-CV-933, at 2. Plaintiff further alleged that "Jennifer Spaulding hired and paid Brian Figeroux the attorney to file her son Administrative Appeal. The attorney failed in his duties of (Appellant)." *Id.* Plaintiff asked the Court to "grant me a certificate of citizenship." *Id.* at 3.

## Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94

---

[2] In the EDNY action filed by plaintiff, diversity of jurisdiction was not established because plaintiff had alleged that both he and defendant Figeroux were citizens of New York. *See* Compl., No. 12-CV-933 at 2. *See also Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [required] between all plaintiffs and all defendants").

3

(2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Federal courts have subject matter jurisdiction over cases arising under federal law ("federal question" jurisdiction) and civil actions where the parties are citizens of different States ("diversity of citizenship" jurisdiction) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## Discussion

Plaintiff's only remaining claim, based on the District of Connecticut's Transfer Order, is against Brian Figeroux and Figeroux and Associates arising from defendants' purported failure to provide adequate legal services in connection with plaintiff's naturalization application.

4

Judge Bryant found that plaintiff had established diversity jurisdiction based on plaintiff's pre-incarceration domicile in Danbury, Connecticut and defendants domicile in Brooklyn, New York. Judge Bryant, however, was silent on whether plaintiff satisfied the amount in controversy requirement for diversity jurisdiction. Plaintiff alleges that on August 8, 2006, his mother paid defendants an additional "$750.00 to appeal the immigration's decision" denying his naturalization application. Compl. at 5. Plaintiff seeks $25 million in punitive and compensatory damages, *see* Compl. at 21, but the actual amount at issue is $750.00, the fee paid to defendants to appeal the decision denying plaintiff's naturalization application.

The Court measures the amount in controversy as of the date of the complaint, *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005), and it is established by the fact of the complaint and the dollar-amount actually claimed. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)); *Kingsley v. BMW of North America LLC*, No. 12 CV 3097, 2012 WL 2830027, at *2 (E.D.N.Y. July 10, 2012). The amount in controversy must be non-speculative in order to satisfy the statute. Here, plaintiff fails to show that he has met the amount in controversy requirement in order for the Court to have diversity jurisdiction over his claim.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

However, if a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As it is unclear whether plaintiff satisfies the requirements for diversity jurisdiction, the Court directs plaintiff to file an amended complaint. In the amended complaint, plaintiff must allege facts to show that there is a "reasonable probability" that the amount in controversy against defendant Figeroux and Figeroux and Associates is in excess of $75,000. *See* 28 U.S.C. § 1332(a); *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (internal quotation marks omitted).

Furthermore, plaintiff must set forth facts to show that he has a timely and cognizable state law claim that he can pursue against defendants. For example, "[a]n action to recover damages [under New York law] arising from an attorney's malpractice must be commenced within three years from accrual." *Mohamed v Donald J. Nolan, Ltd.*, 967 F.Supp.2d 647, 653 (E.D.N.Y. 2013), *aff'd sub nom. Mohamed v Nolan Law Group*, 574 F. App'x 45 (2d Cir. 2014); *Tenamee v Schmukler*, 438 F.Supp.2d 438, 443 (S.D.N.Y. 2006) ("[u]nder New York law, the statute of limitations for commencing an action to recover damages for non-medical professional malpractice is three years.")(citing New York Civil Practice Laws and Rules § 214(6) (1996)).

If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 16-CV-1040 (LDH)(LB) and shall be filed within 30 days from the entry of this Order. The amended complaint shall replace the original complaint. If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action shall be entered. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order, for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and for subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                              s/ LaShann DeArcy Hall
                                              LaShann DeArcy Hall
                                              United States District Judge

Dated: Brooklyn, New York
       March    , 2016